**Anthony Z. BANKS, Appellant– Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 02A03–0505–CR–205.**

Court of Appeals of Indiana.

Dec. 29, 2005.

Anthony S. Churchward, Fort Wayne, for Appellant.

Steve Carter, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Anthony Z. Banks appeals his conviction for Promoting Prostitution, a Class C felony. Specifically, he contends that the trial court erred in excluding his testimony concerning what a police officer told him during the undercover operation on grounds that it constituted hearsay. Because a statement made by a police officer within the scope of his employment constitutes a statement by a party opponent, the police officer's statements in this case are not hearsay and were improperly excluded. However, in light of the evidence that Banks was able to present to the jury regarding his version of the events, the error is harmless. We therefore affirm.

### Facts and Procedural History

On the evening of October 19, 2004, Ft. Wayne Police Department Officer Mark Gerardot, who was a detective in the department's Vice and Narcotics Division, was conducting an undercover investigation in the 5400 block of Southern Court in Ft. Wayne because of suspected illegal activity in trailer number 53. As Officer Gerardot drove past the trailer in his unmarked car, Banks flagged him down. Officer Gerardot drove on past and alerted the other police officers in the area that someone had tried to flag him down. Officer Gerardot then activated his listening device and returned to the area where

Banks was still standing. Officer Gerardot rolled down his passenger-side window and engaged Banks in conversation. Officer Gerardot was thrown off at first because he was "looking for prostitution in the area" and "didn't expect to run into a male subject." Tr. p. 43–44. At some point during their conversation, Banks asked Officer Gerardot what he wanted, and Officer Gerardot replied that he was looking for a girl. Banks then asked Officer Gerardot what he wanted with a girl, and Officer Gerardot said he wanted a "blow job." *Id.* at 44. When Banks asked Officer Gerardot if he had any money, Officer Gerardot stated that he had ten dollars and showed him the money.

After instructing Officer Gerardot where to park, Banks went to trailer number 53 and returned with a woman named Emma Busby. Busby entered the passenger side of Officer Gerardot's car and sat down. Banks walked to the driver's side, and Officer Gerardot rolled down his window. Officer Gerardot asked Busby if she was going to perform oral sex on him for ten bucks, and she agreed. Banks told Officer Gerardot to give Busby the money, and Officer Gerardot then drove off with Busby and gave her the money. After Officer Gerardot gave a predetermined signal, uniformed police officers pulled over his car and arrested Busby. Other officers then arrested Banks.

The State subsequently charged Banks with Promoting Prostitution, a Class C felony.[1] At trial, when Banks started to testify regarding what Officer Gerardot told him during their first encounter, the State objected on hearsay grounds. Defense counsel responded that the statements were not hearsay because they were not being admitted for the truth of the matter asserted; rather, he wanted to present Banks' version of the events to the jury. The trial court sustained the State's objection. Banks then made an offer of proof, during which he testified that when Officer Gerardot first spoke to him, Officer Gerardot said that he just got off work, that he was from Decatur, that he was trying to find a "date" in trailer number 53, and that he wanted to know if Banks would go get her for him. Tr. p. 131–32. The jury found Banks guilty as charged. Banks now appeals.

## Discussion and Decision

Banks contends that the trial court erred in excluding his testimony regarding what Officer Gerardot told him during their first encounter on grounds that it constituted hearsay. Specifically, Banks argues that Officer Gerardot's statements do not constitute hearsay because he "did not want to establish any of these statements as true. He only wanted to provide the jury with a legitimate, non-criminal reason to show why he entered trailer number 53 ... a reason other than the one provided by Detective Gerardot ...." Appellant's Br. p. 11. Typically, rulings on admitting or excluding evidence are reviewed for an abuse of discretion. *Allen v. State*, 787 N.E.2d 473, 477 (Ind.Ct. App.2003), *trans. denied*. However, a ruling is reviewed de novo when it turns on a misunderstanding of a rule of evidence, specifically the hearsay rule. *Id.*

Here, the record shows that there was indeed a misunderstanding of the hearsay rule. *See* Tr. p. 63–72 (For example, the trial court stated: "I have been racking my brains up here trying to figure out how ... this is not hearsay ...."). Hearsay is an out-of-court statement offered in evidence to prove the truth of the matter asserted. Ind. Evidence Rule 801(c). Banks wrongly argued before the trial

1. Ind.Code § 35–45–4–4.

court that Officer Gerardot's statements did not constitute hearsay because they were not being offered for the truth of the matter asserted. To the contrary, Banks was offering Officer Gerardot's statements for the truth of the matter asserted; specifically, he wanted to show that things did not happen as Officer Gerardot testified. However, a statement is not hearsay if the "statement is offered against a party and is (A) the party's own statement, in either an individual or representative capacity; or ... (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship[.]" Evid. R. 801(d)(2). In *Allen,* this Court addressed whether a statement of a government employee in a criminal case constitutes a statement of a party opponent. 787 N.E.2d at 478. In this issue of first impression, we concluded that the

> party-opponent provision in the Indiana Rules of Evidence applies in criminal cases to statements by government employees concerning matters within the scope of their agency or employment. As we have already found that the Indiana rule on party-opponent statements applies against the government in civil cases, we see no reason why it should not apply in criminal cases.

*Id.* at 479. In reaching this conclusion, we noted that "the application of the party-opponent provision against the government in criminal cases also advances a general concept of fairness." *Id.*

Applying *Allen* to the present case, we conclude that the trial court erred in excluding Banks' testimony concerning what Officer Gerardot told him during their first encounter. That is, Officer Gerardot, a police officer, made statements regarding a matter within the scope of his employment. Pursuant to Evidence Rule 801(d)(2), Officer Gerardot's statements are not hearsay and were improperly excluded. *See id.*

■ This does not end our inquiry, however. When a statement has been excluded from evidence that was not, in actuality, hearsay, we will review the trial court's decision under a harmless error analysis. *Id.* (citing Ind. Trial Rule 61). An error will be found harmless if its probable impact on the jury, in light of all the evidence in the case, is sufficiently minor so as not to affect the substantial rights of the party. *Id.*

■ Here, the error is harmless. Although the trial court prohibited Banks from testifying regarding what Officer Gerardot told him, Banks himself testified before the jury that he did not ask Officer Gerardot if he had any money and that he did not offer to get a girl for Officer Gerardot from the trailer in exchange for money. Banks explained that when he went inside the trailer to get the girl, he only told her that her date was waiting outside and that he did not "know she was going to the truck for the purpose of any kind of sex act." Tr. p. 74. In addition, Banks testified that after he retrieved the girl for Officer Gerardot, he did not speak further with either Officer Gerardot or the girl. Because Banks was essentially able to present his version of the events to the jury, the trial court's error is sufficiently minor so as not to affect his substantial rights. We therefore affirm Banks' conviction.

Affirmed.

ROBB, J., and MATHIAS, J., concur.