**FOR PUBLICATION**



FILED

Sep 03 2013, 5:47 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**KAREN CELESTINO-HORSEMAN**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| MARION TURNER, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 49A05-1302-CR-59 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Steven R. Eichholtz, Judge
The Honorable Peggy R. Hart, Commissioner
Cause No. 49G20-1201-FA-4659

**September 3, 2013**

**OPINION - FOR PUBLICATION**

**BAILEY, Judge**

## Case Summary

Marion Turner ("Turner") appeals his conviction for Dealing in Cocaine, as a Class A felony.[1]  We affirm.

## Issues

Turner presents two issues for review:

I.      Whether testimony of statements allegedly made by a confidential informant was erroneously excluded as hearsay; and

II.     Whether the evidence was insufficient to prove his predisposition to deal cocaine.

## Facts and Procedural History

On August 30, 2011, Turner sold 6.9115 grams of cocaine to Indianapolis Metropolitan Police Department Detective Brad Nuetzman ("Detective Nuetzman") for $350.00.  The transaction had been arranged through a confidential informant ("C.I."), supervised by Sergeant Stephen Butler ("Sergeant Butler").  At the conclusion of a jury trial conducted on November 13, 2012, Turner was convicted of Dealing in Cocaine.  He was sentenced to twenty-six years imprisonment.  He now appeals.

## Discussion and Decision

### I.  Exclusion of Confidential Informant's Statements

Turner's theory of defense was entrapment.  By the time of trial, the C.I.'s whereabouts were unknown.  However, Turner testified at trial and sought to repeat

---

[1] Ind. Code § 35-48-4-1.

statements allegedly made by the C.I. The State objected on hearsay grounds[2] and Turner argued that, because the C.I. acted as an agent of the State, the C.I.'s statements were admissible as statements of a party-opponent, an exception to the hearsay rule addressed by Indiana Evidence Rule 801(d)(2).[3] The trial court sustained the State's hearsay objection and Turner made an offer of proof.

In general, ruling on the admission or exclusion of evidence are reviewed for an abuse of discretion. Banks v. State, 839 N.E.2d 794, 796 (Ind. Ct. App. 2005). However, a ruling is reviewed de novo when it turns upon a misunderstanding of a rule of evidence such as the hearsay rule. Id.

"An agent is one who acts on behalf of some person, with that person's consent and subject to that person's control." Oil Supply Co., Inc. v. Hires Plant Serv., Inc., 726 N.E.2d 246, 248 (Ind. 2000). Sergeant Butler testified and described his arrangements with the C.I. and the transaction that took place. He explained that confidential informants act as "agents for us." (Tr. 209.) In order to escape criminal prosecution for a marijuana-growing operation, the C.I. had agreed to arrange a cocaine purchase from Turner. His statements to Turner were in furtherance of that objective. We agree with Turner that, from all indications, the C.I. acted on behalf of the State and within the scope of his agency. His statements could properly be considered non-hearsay statements pursuant to Evidence Rule 801. See Banks,

---

[2] Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Ind. Evidence Rule 801(c).

[3] A statement is not hearsay if the "statement is offered against a party and is (A) the party's own statement, in either an individual or representative capacity; or … (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship[.]"

839 N.E.2d at 797 (statements of a police officer regarding a matter within the scope of his employment were not hearsay); see also Allen v. State, 787 N.E.2d 473, 479 (Ind. Ct. App. 2003) (holding that, in criminal cases, the party-opponent provision in the Indiana Rules of Evidence applies to statements by government employees concerning matters within the scope of their agency or employment), trans. denied.

Assuming that the C.I.'s statements were otherwise admissible but erroneously excluded on hearsay grounds, this does not end our inquiry. "When a statement has been excluded from evidence that was not in fact hearsay, this Court will review the trial court's decision under a harmless error analysis." Miller v. State, 720 N.E.2d 696, 704 (Ind. 1999). An error will be found harmless if, in light of the totality of the evidence in the case, its probable impact on the jury is sufficiently minor so as not to affect the substantial rights of the parties. Id.

The offer of proof included Turner's testimony that: the C.I. had contacted him in August asking if Turner could procure cocaine or point him in the right direction; Turner had initially refused; the C.I. had made six to twelve calls, increasing the amount to be offered; Turner was concerned because the C.I.'s actions were out of character and he seemed to be in trouble; and, ultimately the C.I. made Turner an offer that he acted upon. **Tr. 154-57.**

Thereafter, with the jury present, Turner testified: that the C.I. called him between six and twelve times in the month of August; they had not discussed cocaine sales prior to August; Turner was "very needed to produce cocaine" for the C.I. (Tr. 171); Turner's financial situation was deteriorating at the same time he was detecting "urgency" on the part

4

of the C.I. (Tr. 172); on August 30, Turner received a phone call from the C.I. "different" from the others, where "the intensity was basically up the ante" and the C.I. seemed "frantic," and "almost crazy." (Tr. 174.)

Accordingly, the jury was ultimately advised of the C.I.'s statements deemed relevant by Turner, with one notable exception. The jury was not specifically advised that the C.I. had offered an increased amount of money, consistent with Turner's offer of proof. However, the jury did hear Turner's testimony that "the intensity was basically up the ante." (Tr. 174.) The fact-finder could have reasonably interpreted this to include offering more cash, particularly in light of the fact that Turner stated that his finances had been deteriorating and there was no indication that the C.I. ever offered anything of a non-monetary nature to induce the transaction. Turner presented his version of events to the jury. The exclusion of a specific statement that a higher monetary offer was made by the C.I. is, at most, harmless error.

## II. Sufficiency of Evidence of Predisposition

Indiana Code section 35-41-3-9 provides:

(a) It is a defense that:

(1) the prohibited conduct of the person was the product of a law enforcement officer, or his agent, using persuasion or other means likely to cause the person to engage in the conduct; and
(2) the person was not predisposed to commit the offense.

 (b) Conduct merely affording a person an opportunity to commit the offense does not constitute entrapment.

Entrapment is established as a matter of law if the defendant shows police inducement

5

and the state fails to show predisposition on the part of the defendant to commit the crime charged. Dockery v. State, 644 N.E.2d 573, 577 (Ind. 1994). For the State to overcome an entrapment defense, the State must prove beyond a reasonable doubt either "the defendant's conduct was not a product of the efforts of a law enforcement officer or that the accused was predisposed to engage in the conduct." McGowan v. State, 674 N.E.2d 174, 175 (Ind. 1996). Whether a defendant is predisposed to commit the crime charged is a question for the trier of fact. Dockery, 644 N.E.2d at 577. Turner contends that the State failed to present evidence showing his predisposition to sell cocaine.

We review a claim of entrapment using the same standard applicable to other challenges to the sufficiency of the evidence. Id. at 578. We consider only the evidence and reasonable inferences that support the verdict, and we will neither reweigh the evidence nor judge the credibility of witnesses. Id. We will uphold a conviction if there is substantial evidence of probative value from which a reasonable trier of fact could infer that the appellant was guilty beyond a reasonable doubt. Id.

A jury may properly find predisposition from such circumstances as familiarity with drug jargon and prices, engaging in multiple transactions, and undertaking to arrange future transactions. Riley v. State, 711 N.E.2d 489, 494 (Ind. 1999).

Turner was able to produce around seven ounces of cocaine, an amount more consistent with a dealer than a typical user. Telling Detective Nuetzman that he wanted to "be safe," Turner asked Detective Nuetzman to "go ahead and try the cocaine." (Tr. 91.) Detective Nuetzman protested that he "didn't smoke it" and Turner corrected him: "it wasn't

6

what you smoke – it's soft." (Tr. 91.) Turner advised the detective that the cocaine was "bricked up." (Tr. 92.) According to Detective Nuetzman, the description is consistent with the cocaine having been taken from a one kilogram brick. After the transaction was concluded, Turner told Detective Nuetzman to "go ahead and give him a call" if he "needed anything else tonight." (Tr. 98.)

This evidence indicates that Turner was familiar with drug jargon and was soliciting a future transaction. As such, there is sufficient evidence to permit the jury to conclude beyond a reasonable doubt that Turner was predisposed to deal cocaine.

## Conclusion

We find no reversible error in the trial court's exclusion of testimony that the C.I. offered an increased purchase price. The State presented sufficient evidence of Turner's predisposition to commit the charged crime to overcome the defense of entrapment.

Affirmed.

MAY, J., and BRADFORD, J., concur.