**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Nov 25 2014, 9:58 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CHRIS M. TEAGLE**
Muncie, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| BRANDAN J. FRANZE,        ) | |
|        ) | |
|    Appellant-Defendant,        ) | |
|        ) | |
|        vs.        ) | No. 05A02-1404-CR-229 |
|        ) | |
| STATE OF INDIANA,        ) | |
|        ) | |
|    Appellee-Plaintiff.        ) | |

APPEAL FROM THE BLACKFORD CIRCUIT COURT
The Honorable Dean A. Young, Judge
Cause No. 05C01-1210-FB-382

**November 25, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Judge**

## Case Summary and Issues

Following a jury trial, Brandan J. Franze was convicted of dealing in a schedule II controlled substance and unlawful possession of a syringe, and he received an aggregate sentence of ten years imprisonment. Franze appeals his convictions and sentence, raising three issues for our review: (1) whether the State presented sufficient evidence to overcome Franze's entrapment defense; (2) whether the trial court abused its discretion by admitting evidence of an audio recording of a controlled drug buy; and (3) whether Franze's sentence is inappropriate in light of the nature of his offenses and his character. Concluding there was sufficient evidence to sustain Franze's conviction, that the issue of the audio recording's admissibility has been forfeited for appellate review, and that Franze's sentence is not inappropriate, we affirm.

## Facts and Procedural History

During a search of the home of Johnny Gustafson, police discovered hypodermic needles in Gustafson's possession. In exchange for leniency, Gustafson volunteered to serve as a confidential informant. Gustafson provided law enforcement with a list of persons from whom Gustafson believed he could purchase drugs; Franze was among the individuals Gustafson named.

On June 19, 2012, Gustafson called police and informed them that he planned to purchase drugs from Franze at 3 p.m. that afternoon. Blackford County Deputy Sheriff James Heflin and Hartford City Police Officer Greg Bonewit met with Gustafson to prepare him for the controlled buy. The officers searched Gustafson for money and contraband. They then gave him $120 to purchase two, thirty milligram Oxymorphone

2

tablets, and equipped Gustafson with a body transmitter and digital recorder. The officers drove Gustafson to a car wash where the drug buy was set to take place. The officers parked across the street in order to watch and videotape the encounter.

Franze arrived at the car wash accompanied by his wife, Brittany Hobbs. Franze and Hobbs carried on a conversation with Gustafson, and after a short while, Franze pulled a pill bottle out of his pocket and took something out of the bottle. The officers saw that Hobbs had a hypodermic needle in her hands, and watched as the three individuals knelt behind some bushes. When they emerged, Franze was licking his arm near the joint area. Franze negotiated with Gustafson over the price of pills, and a transaction occurred between Gustafson, Hobbs, and Franze. After the transaction, Gustafson met Officers Heflin and Bonewit at a prearranged location, and Gustafson handed over two Oxymorphone tablets acquired from Hobbs and Franze.

The State charged Franze with Count 1, dealing in a schedule II controlled substance, a Class B felony, and Count 2, unlawful possession of a syringe, a Class D felony. A jury trial was held, and Franze was found guilty of both counts. Franze received sentences of ten years on Count 1 and one and one-half years on Count 2, to be served concurrent. This appeal followed.

Discussion and Decision

I. Entrapment

Indiana law provides for the defense of entrapment as follows:

(a) It is a defense that:

3

(1) the prohibited conduct of the person was the product of a law enforcement officer, or his agent, using persuasion or other means likely to cause the person to engage in the conduct; and
(2) the person was not predisposed to commit the offense.
(b) Conduct merely affording a person an opportunity to commit the offense does not constitute entrapment.

Ind. Code § 35-41-3-9. Where a defendant relies on the defense of entrapment and establishes police inducement, the burden shifts to the State to prove beyond a reasonable doubt that the defendant was predisposed to commit the crime. Dockery v. State, 644 N.E.2d 573, 577 (Ind. 1994). Whether a defendant was predisposed to commit the crime is a question for the trier of fact. Id.

At trial, Franze raised the defense of entrapment, but the jury nevertheless found Franze guilty of both charges. Franze argues he established that police induced his conduct and that the State failed to present sufficient evidence to rebut Franze's entrapment defense and prove beyond a reasonable doubt that he was predisposed to sell drugs.

An appellate court reviews a claim of entrapment using the same standard applied to other challenges to the sufficiency of evidence. Turner v. State, 993 N.E.2d 640, 644 (Ind. Ct. App. 2013), trans. denied. We neither reweigh the evidence nor judge the credibility of the witnesses, and we must "respect[] the jury's exclusive province to weigh conflicting evidence." McHenry v. State, 820 N.E.2d 124, 126 (Ind. 2005) (citation omitted). We consider only the probative evidence and reasonable inferences therefrom supporting the verdict. Id. We will affirm "if the probative evidence and

4

reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt." Id. (citation omitted).

The State presented sufficient evidence to show Franze's predisposition to sell drugs. "Factors that indicate a predisposition to sell drugs include a knowledge of drug prices, use and understanding of terminology of the drug market, solicitation of future drug sales, and multiple drug sales." Wattley v. State, 721 N.E.2d 353, 355 (Ind. Ct. App. 1999). At trial, Gustafson testified that he had purchased drugs from Franze in the past, and prior to the controlled buy, Gustafson told police he believed Franze would continue to sell to him in the future. Gustafson also testified that Franze negotiated a price for the drugs. And further, Franze testified at trial and admitted that he told Gustafson that he could get him "some 40's"—another type of pill—sometime in the future. Transcript at 107. This was sufficient evidence for the jury to conclude that Franze was predisposed to commit the crime of dealing in a schedule II controlled substance.

## II. Admission of Audio Recording

Next, Franze contends the trial court erred by allowing into evidence an audio recording made during the controlled buy. Franze argues that the recording is of such poor quality that its substance was unhelpful to the jury, and thus the recording should have been found inadmissible. Appellant's Brief at 15 (citing Dearman v. State, 743 N.E.2d 757, 762 (Ind. 2001) ("To be admissible at trial, a recording must be of such clarity as to be intelligible and enlightening to the jury.")).

Franze did not object to the audio recording's admission at trial, and he makes this argument for the first time on appeal. It is well-settled that failure to make a contemporaneous objection to the admission of evidence at trial results in forfeiture of the issue on appeal. Brown v. State, 929 N.E.2d 204, 206-07 (Ind. 2010). Ordinarily, a party may argue on appeal that, despite a failure to object, reversal is nonetheless proper where fundamental error has occurred. Curtis v. State, 948 N.E.2d 1143, 1148 (Ind. 2011). However, if a party fails to raise the issue of fundamental error in his initial brief, then that issue is forfeited. Id. Franze did not assert that admission of the audio recording was fundamental error in his Appellant's Brief, and thus, we need not determine whether fundamental error has occurred. In sum, Franze's argument that the audio recording was inadmissible is forfeited for the purposes of appellate review.[1]

### III. Franze's Sentence

Finally, Franze asserts that his ten-year advisory sentence[2] is inappropriate in light of the nature of his offenses and his character. Indiana Appellate Rule 7(B) provides appellate courts with the authority to revise a defendant's sentence if, "after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." It is

---

[1] Even if an objection had been made at trial, and even if Franze is correct that the recording was inadmissible, it is unlikely that admission of the audio recording would be reversible error. Testimony from Gustafson, Franze, Officer Heflin, and Officer Bonewit, along with video evidence of the controlled buy, was sufficient to prove Franze's guilt beyond a reasonable doubt. Accordingly, any error in the tape's admission would be harmless. See Hoglund v. State, 962 N.E.2d 1230, 1238 (Ind. 2012) (stating the improper admission of evidence is harmless error "if the conviction is supported by substantial independent evidence of guilt satisfying the reviewing court there is no substantial likelihood the challenged evidence contributed to the conviction").

[2] At the time of Franze's offenses, the advisory sentence for a Class B felony was ten years, with a sentencing range of six to twenty years. See Ind. Code § 35-50-2-5 (2012).

6

the defendant's burden to persuade the reviewing court that the sentence is inappropriate. Conley v. State, 972 N.E.2d 864, 876 (Ind. 2012).

Regarding the nature of his offense, Franze attempts to minimize his apparent culpability and shift blame from himself to Hobbs, suggesting that the evidence at trial indicates that she, rather than Franze, was the primary culprit in the drug transaction. We observe, however, that evidence of Franze's level of culpability is conflicting to say the least.

As for Franze's character, his criminal history includes a slew of misdemeanor convictions, including acts of disorderly conduct, receiving stolen property, and most importantly, two instances of possession of marijuana. See Johnson v. State, 986 N.E.2d 852, 857 (Ind. Ct. App. 2013) (stating a defendant's criminal history is relevant in assessing a defendant's character for purposes of sentence review). The trial court also recognized that Franze has previously had the benefit of probation, which he violated, and the benefit of a court-ordered drug program, which did not resolve his addiction issues. Although this is Franze's first felony conviction, his history certainly does not warrant a sentence reduction by this court. In sum, Franze has not convinced us that the trial court's imposition of the advisory sentence was inappropriate.

## Conclusion

Concluding there was sufficient evidence to prove Franze was predisposed to commit the offense of dealing in a schedule II controlled substance, that the issue of the audio recording's admissibility has been forfeited for appellate review, and that Franze's

7

sentence is not inappropriate in light of the nature of his offenses or his character, we affirm.

Affirmed.

BAKER, J., and KIRSCH, J., concur.