**Kim T. WATTLEY, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 02A03–9907–CR–277.

Court of Appeals of Indiana.

Dec. 29, 1999.

---

Donald C. Swanson, Jr., Fort Wayne, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Randi E. Froug, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

**OPINION**

STATON, Judge

Kim T. Wattley appeals her convictions for two counts of dealing in cocaine,[1] both Class B felonies, one count of dealing in cocaine weighing three grams or more,[2] a Class A felony, and one count of possession of cocaine,[3] a Class D felony. Wattley raises two issues on appeal, which we restate as:

I. Whether the State's evidence that Wattley was predisposed to deal cocaine is sufficient to overcome Wattley's defense of entrapment.

II. Whether there is sufficient evidence that Wattley dealt cocaine in an amount of three grams or more.

We affirm in part and remand.

A detective with the Fort Wayne police department received an anonymous tip that Wattley was selling drugs from her home. The detective went to Wattley's home, where he purchased cocaine. During the course of that sale, Wattley and the detective arranged another transaction. Later that same day, the detective returned to Wattley's home and purchased more cocaine, and another transaction was planned. The detective returned again the following day and purchased cocaine a third time. Following the third transaction, Wattley was arrested. An additional amount of cocaine was found on her person. She was convicted following a bench trial; this appeal ensued.

I.

*Entrapment*

Wattley contends that the State did not present sufficient evidence to rebut her

1. IND.CODE § 35–48–4–1 (1998).

2. IC 35–48–4–1(b)(1).

3. IND.CODE § 35–48–4–6 (1998).

defense of entrapment. Specifically, Wattley argues that the State's evidence did not establish that she was predisposed to deal in cocaine. When reviewing a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of witnesses. *Jordan v. State*, 656 N.E.2d 816, 817 (Ind.1995). We look to the evidence and the reasonable inferences therefrom that support the judgment. *Id.* The conviction will be affirmed if evidence of probative value exists from which the factfinder could find the defendant guilty beyond a reasonable doubt. *Id.*

■ The defense of entrapment is set forth in IND.CODE § 35–41–3–9 (1998).[4] Once the entrapment defense is raised, the State bears the burden of showing that the defendant was predisposed to commit the crime beyond a reasonable doubt. *Dockery v. State*, 644 N.E.2d 573, 577 (Ind. 1994). Factors that indicate a predisposition to sell drugs include a knowledge of drug prices, use and understanding of terminology of the drug market, solicitation of future drug sales, and multiple drug sales. *Jordan v. State*, 692 N.E.2d 481, 484 (Ind.Ct.App.1998).

■ In the present case, the detective first met with Wattley at her home in the early morning hours of October 13, 1998. At that time, the detective informed Wattley that he wanted "a bill's worth," meaning $100 worth of cocaine. Wattley produced several rocks of crack cocaine, told the detective he could have seven of them, and then let him choose seven rocks. At that point, Wattley and the detective planned another transaction, wherein the detective would buy an "eight ball." In the evening of October 13, the detective

returned to Wattley's home and purchased an "eight ball" of cocaine for $200. Wattley and the detective discussed whether the amount of cocaine was adequate in relation to the purchase price. They then discussed a third transaction. The next day, the detective again went to Wattley's home. He intended to purchase $100 worth of cocaine, but Wattley told him she had only $85 worth. The detective purchased the cocaine.

These facts reveal that Wattley possessed a knowledge of drug prices and that she used and understood the terminology related to drug sales. During two of the buys, Wattley discussed future transactions with the detective. Further, Wattley sold cocaine to the detective three times within a relatively short time-span. This evidence is sufficient to show that Wattley was predisposed to deal in cocaine, thus rebutting Wattley's entrapment defense.

## II.

### *Weight of the Cocaine*

Wattley contends that the evidence is insufficient to show that she dealt cocaine in an amount of three grams or more. When reviewing a claim of insufficiency of the evidence, we will not reweigh evidence or judge the credibility of the witnesses, and we will consider the evidence most favorable to the judgment. *Jordan*, 656 N.E.2d at 817. Wattley was convicted of one count of dealing cocaine in an amount of three grams or more, which increased the charge from a Class B to a Class A felony. Wattley argues that there was insufficient evidence that the cocaine weighed three grams or more, and thus, her conviction should have been for a Class B instead of a Class A felony.

■ When a defendant is charged with a drug offense that is determined by the

4. IC 35–41–3–9 provides:
   (a) It is a defense that:
   (1) the prohibited conduct of the person was the product of a law enforcement officer, or his agent, using persuasion or other means likely to cause the person to engage in the conduct; and

   (2) the person was not predisposed to commit the offense.
   (b) Conduct merely affording a person an opportunity to commit the offense does not constitute entrapment.

weight of the substance involved, the State must prove that the scale used to weigh the substance was tested before and after its use. *Robinson v. State*, 634 N.E.2d 1367, 1374 (Ind.Ct.App.1994). The burden of producing evidence to disprove the accuracy of the scale then shifts to the defendant. *Id.*

At trial, the detective testified that following his second transaction with Wattley, he took the "eight ball" back to the police station and weighed it on an electronic scale. The scale indicated that the weight of the cocaine was 3.5 grams. However, the State did not produce any evidence as to whether the scale had been tested either before or after the drugs were weighed. The State did attempt to admit a State Police lab report showing that the cocaine weighed 3.95 grams. However, Wattley objected to the report as hearsay, and the trial judge admitted it for the limited purpose of showing that the substance was cocaine, a fact that had been stipulated to by Wattley.[5] Therefore, the evidence of the weight of the cocaine contained in that report was not considered by the court, and cannot be considered on appeal. Because no evidence as to the accuracy of the scale used to weigh the cocaine was admitted into evidence, we hold that the State failed to produce sufficient evidence to prove that the cocaine weighed three grams or more. Therefore, we remand with instructions to reduce Wattley's conviction from a Class A to a Class B felony, and to amend Wattley's sentence accordingly.

Affirmed in part and remanded.

BAKER, J., and SULLIVAN, J., concur.