Jermaine T. ELLIS, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 45S00–9805–CR–279.

Supreme Court of Indiana.

March 20, 2000.

Charles E. Stewart, Jr., Appellate Public Defender, Crown Point, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Rosemary Borek, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

SULLIVAN, Justice.

Defendant Jermaine Ellis was convicted of murder for stabbing and killing another man. He argues that there was insufficient evidence to support his conviction in that there was no forensic evidence linking him to the murder. He also argues that witness testimony was inconsistent, incredible, and dubious. Finding the evidence sufficient to support the conviction, we affirm.

We have jurisdiction over this direct appeal because the sentence exceeds 50 years. Ind. Const. art. VII, § 4; Ind. Appellate Rule 4(A)(7).

### Background

The facts most favorable to the verdict indicate that on June 23, 1997, Nathan Vann and Lorenzo Campbell[1] went gambling, and Campbell won five-hundred dollars. Vann and Campbell went to David Jackson's house after gambling and slept in the den. Defendant Jermaine Ellis was also staying with Jackson that night.

The next morning, Jackson was in his bedroom and heard crashing sounds, scuffling, and furniture being knocked around. He also heard Campbell say, "What's up, Jermaine, what's up?" (R. at 205.) When Jackson opened his door, he saw Defendant and Campbell fighting. Defendant was wielding a butcher knife. Jackson returned to his bedroom and closed the

---

1. The record often refers to Campbell as "Donte."

door. A few seconds later, Campbell burst into Jackson's bedroom and tried to hold the door shut by leaning against it. Jackson testified that Campbell had several bad stab wounds and slash marks on his face and neck. As Defendant was forcing his way into the bedroom, Campbell told Jackson to take the air conditioner out of the window so Jackson could leave the house and get help. As Jackson was exiting the room through the window, he saw Defendant leaning through the door and stabbing Campbell. Campbell died from internal bleeding that resulted from a stab wound to his chest and external bleeding that resulted from multiple stab sounds.

The State charged Defendant with Murder.[2] A jury found Defendant guilty of the charge and the trial court sentenced Defendant to 55 years.

Additional facts will be provided as necessary.

### Discussion

■ We neither reweigh the evidence nor assess the credibility of witnesses when reviewing a sufficiency of the evidence claim. *Love v. State,* 721 N.E.2d 1244, 1245 (Ind.1999); *Thornton v. State,* 712 N.E.2d 960, 961 (Ind.1999). We will affirm a conviction if the probative evidence and reasonable inferences drawn therefrom could have led a jury to find the defendant guilty beyond a reasonable doubt. *See id.* In our review, we need only consider the evidence favorable to the jury's verdict. *See id.*

■ Defendant maintains that there was insufficient evidence as a matter of law to support his conviction because the State did not present fingerprint evidence, analyses of blood found at the crime scene, or DNA evidence linking Defendant to the murder. Defendant also argues that inconsistent, incredible, and dubious witness testimony rendered the evidence insufficient to establish guilt beyond a reasonable doubt.

■ The record shows that both Vann and Jackson saw Defendant with the butcher's knife trying to get to Campbell in Jackson's room. And Jackson saw Defendant stab Campbell. In addition, both Vann and Jackson's testimonies were consistent with each other's testimony, with the testimony of police officers investigating the scene, and with crime scene evidence. While a murder conviction can be based purely on circumstantial evidence, *see Moore v. State,* 652 N.E.2d 53, 55 (Ind.1995), this consistent, direct eyewitness testimony is ample to support Defendant's conviction for murder. Because it is within the jury's province to assess the credibility of all witnesses and weigh the evidence, we will not reassess or reweigh on review the allegedly conflicting evidence it heard.

### Conclusion

We affirm the trial court's judgment.

SHEPARD, C.J., and DICKSON, BOEHM, and RUCKER, JJ., concur.