**Leonardo GUADIAN, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 43A05–0011–CR–494.**

Court of Appeals of Indiana.

March 14, 2001.

Rehearing Denied May 7, 2001.

---

Michael L. Miner, William S. Fawley, Valentine & Miner, Warsaw, IN, Attorneys for Appellant.

Stephen R. Carter, Attorney General of Indiana, Grant H. Carlton, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Judge.

Appellant-defendant Leonardo Guadian appeals his conviction for Dealing in Cocaine, a class A felony.[1] Specifically, Guadian contends that the State failed to prove that he sold over three grams of cocaine. Guadian also maintains that the evidence was insufficient to identify him as having dealt cocaine.

### FACTS

The facts most favorable to the verdict indicate that on October 10, 1998, Officer Leslie D. McFarland of the Marshall County Sheriff's Department and a confidential informant (CI) went to Keith Koontz's house to execute a controlled buy of cocaine. Koontz had arranged the meeting in which McFarland agreed to give Guadian a television set in exchange

1. IND.CODE § 35–48–4–1.

for cocaine. When Officer McFarland and the CI arrived at Koontz's, television set in tow, Guadian agreed to sell Officer McFarland one "eight ball." "Eight ball" is street slang for 3.5 grams of cocaine. Record at 204.

Guadian then ordered Koontz to take Officer McFarland into another room, where Koontz showed Officer McFarland two "eight balls" of cocaine. After Koontz weighed both samples, Officer McFarland chose the sample weighing 3.8 grams. This sample was later sent to a forensics laboratory in Berien County, Michigan, where it was measured to weigh 3.521 grams.

Less than a year after the purchase, the State filed an amended information, charging Guadian with dealing in cocaine, as a class A felony. On April 11, 2000, a jury trial commenced, and at its conclusion Guadian was convicted as charged. Guadian now appeals.

## DISCUSSION AND DECISION

### I. Standard of Review

■ Before addressing Guadian's claims, we note our standard of review for sufficiency of the evidence claims. We may not reweigh the evidence or assess witness credibility. *Ellis v. State,* 725 N.E.2d 411, 412 (Ind.2000). Rather, we will affirm a conviction if the probative evidence and reasonable inferences drawn therefrom could have led a jury to find Guadian guilty beyond a reasonable doubt. *Id.* In our review, we consider only the evidence favorable to the jury's verdict. *Id.* Therefore, we will affirm the conviction unless we conclude that no reasonable factfinder could have found the elements of the crime proven beyond a reasonable doubt. *Bethel v. State,* 730 N.E.2d 1242, 1244 (Ind.2000).

### II. Sufficiency of the Evidence

### A. Identification of the Defendant

■ Guadian maintains that the evidence was insufficient to identify him as the man who sold cocaine to Officer McFarland. Specifically, he claims that the thirty to forty minutes that Officer McFarland spent at Koontz's raises the "significant possibility of misidentification." Appellant's brief at 5.

■ To convict him of dealing in cocaine, as a class A felony, the State was required to prove that Guadian: 1) knowingly or intentionally; 2) delivered cocaine; 3) in an amount of three grams or more. I.C. § 35–48–4–1. The law is well settled that the uncorroborated testimony of one witness may be sufficient to sustain a conviction on appeal. *Toney v. State,* 715 N.E.2d 367, 369 (Ind.1999) (concluding that a confidential informant's uncorroborated identification of the defendant was sufficient to sustain a conviction). Here, Officer McFarland testified that he saw Guadian for a period of about thirty to forty minutes, during which time they negotiated the cocaine sale. R. at 218. Furthermore, Koontz testified that Guadian was present during the drug buy and that Guadian negotiated the deal with Officer McFarland. R. at 288–90. From the testimony presented, we conclude that a jury could have reasonably determined that Guadian was accurately identified.

### B. Accuracy of the Drug Scale

■ Guadian also maintains that the State failed to prove that he delivered cocaine in an amount greater than three grams. Specifically, Guadian argues that the State was required to prove the accuracy of the forensic laboratory scale used to weigh the cocaine. In *Robinson v. State,* this court held that the State must prove that the scale used to weigh an illicit substance was tested for accuracy before and after its use. 634 N.E.2d 1367, 1374 (Ind.Ct.App.1994). Once the State introduces such evidence, the burden to disprove the accuracy of the scale then shifts to the defendant. *Id.* In *Robinson,* a forensic chemist testified that he weighed the cocaine involved in that case at 3.23

grams on January 26, 1990. *Id.* He further testified that the weights used to calibrate the scales were traceable to the National Bureau of Standard Weights. *Id.* The balance used to weigh the cocaine in *Robinson* was tested for accuracy on November 15, 1989, and September 11, 1990, both before and after the chemist's January 26, 1990 use. *Id.* We concluded that the evidence was sufficient to support the accuracy of the scale used to weigh the cocaine. *Id.*

Applying the same rule, that the State was required to prove the accuracy of the scale, we reduced a conviction in *Wattley v. State,* 721 N.E.2d 353, 356 (Ind.Ct.App. 1999). In *Wattley,* a police detective testified that he took cocaine involved in a drug buy back to the police station and weighed it on an electronic scale, which indicated that the cocaine weighed 3.5 grams. *Id.* The State also attempted to admit a State Police crime lab report showing that the cocaine in question weighed 3.95 grams. *Id.* The trial court admitted the report, *over Wattley's hearsay objection,* for the limited purpose of showing that the substance was cocaine. *Id.* We reasoned that, because the evidence in the report with respect to the cocaine's weight was not considered by the trial court, it could not be considered on appeal. *Id.* We held, therefore, that the State failed to produce sufficient evidence to prove that the cocaine weighed three grams or more. *Id.* Accordingly, we remanded for reduction of Wattley's conviction for dealing in cocaine from a class A felony to a class B felony. *Id.*

■ Here, when a laboratory technician testified that she weighed the cocaine at 3.512 grams, R. at 240, Guadian did not object to her testimony. For the reasons discussed below, we conclude that his failure to object to the evidence of the cocaine's weight is dispositive, leading to a result opposite of the one we arrived at in *Wattley.* In reaching our conclusion, we begin with general rules of evidence. Though subject to various exclusionary rules, relevant evidence is generally admissible. Ind. Evidence Rule 402. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Ind. Evidence Rule 401. Here the readout of the drug scale and the testimony of the laboratory technician—that the cocaine weighed 3.512 grams—tend to prove that the cocaine Guadian sold Officer McFarland weighs over three grams. Thus such evidence is relevant.

■ It is the responsibility of the party opposing admission of relevant evidence to show why it should be excluded. *Mullins v. State,* 646 N.E.2d 40, 48 (Ind.1995). The *Mullins* court reviewed an appeal by a criminal defendant convicted for operating a vehicle with at least ten-hundredths percent (.10%) by weight of alcohol in his blood. *Id.* at 41. In *Mullins,* our supreme court directed: "[W]ith respect to the foundation required for admission of breath-test results, *before the prosecution has any responsibility to establish the foundation,* the defense must object that the prosecution has not laid the proper foundation." *Id.* at 48 (emphasis supplied). Our supreme court reasoned:

"[A] defendant may not sit idly by while error is committed and later take advantage of it, where a proper objection made at trial could have corrected the error. . . . Had objection been made to the lack of a proper foundation in this case, such foundation could then have been supplied."

*Id.* (alteration and omission in original) (quoting *Hughes v. State,* 481 N.E.2d 135, 138 (Ind.Ct.App.1985)). The rule requiring a defense objection to lack of proper foundation "reaffirms 'the policy favoring speedy correction of prejudicial errors.'" *Id.* (quoting *Winston v. State,* 165 Ind.App. 369, 376, 332 N.E.2d 229, 233 (1975)).

We must carefully follow this same evidentiary burden-shifting pattern, lest we

confuse foundational evidence, that is, the scale's accuracy, with substantive evidence of the cocaine's weight itself. *See id.* at 47 n. 7. In other words, the scale's accuracy is foundational evidence; it is *not* an element of the crime.[2]  Guadian failed to object to the lack of foundation.  Therefore, he may not sit idly by at trial and then take advantage of his silence on appeal.  Without a proper objection, the trial court committed no error in admitting evidence that the cocaine weighed 3.512 grams.  As a result, there was sufficient evidence to show that Guadian: 1) knowingly or intentionally; 2) delivered cocaine; 3) in an amount of three grams or more.

Judgment affirmed.

BROOK, J., and BARNES, J., concur.

---

2.  We note that the foundational evidence may also be substantive evidence inasmuch as it makes it more likely that the drug scale results are accurate.  *See Mullins,* 646 N.E.2d at 47 n. 7.