## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 31 2019, 12:03 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Gregory Johnson
Correctional Industrial Facility
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Gregory Johnson,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent*

July 31, 2019

Court of Appeals Case No.
19A-PC-277

Appeal from the Marion Superior Court

The Honorable Shatrese M. Flowers, Judge

The Honorable James K. Snyder, Commissioner

Trial Court Cause No.
49G20-1104-PC-27007

**Crone, Judge.**

# Case Summary

[1] Gregory Johnson, pro se, appeals the denial of his petition for post-conviction relief ("PCR"). We affirm.

# Facts and Procedural History

[2] In April 2011, police officers conducting a narcotics investigation in an Indianapolis parking lot approached a vehicle driven by Johnson. A passenger exited the vehicle, began to walk away, and tossed a suspected package of heroin to the ground. Officers stopped the passenger and ordered Johnson out of the vehicle. An officer handcuffed and patted down Johnson, advised him of his *Miranda* rights, and asked for permission to search the vehicle. Johnson refused. A police dog alerted to the scent of contraband in the vehicle. Police found $550 in cash on Johnson's person and in his car, as well as four packages of drugs in the car containing 16.9234 grams of cocaine, 7.4716 grams of cocaine, 2.5452 grams of cocaine, and 4.0186 grams of heroin. The package that Johnson's passenger tossed to the ground contained 0.4048 grams of heroin.

[3] The State charged Johnson with class A felony dealing in cocaine, two counts of class A felony dealing in a narcotic drug, class C felony possession of cocaine, and class C felony possession of a narcotic drug. After a bench trial, the court found Johnson guilty of all but one count of class A felony dealing in a narcotic drug, entered judgment on the remaining class A felony counts, and sentenced him to concurrent thirty-year terms. On direct appeal, Johnson challenged the admissibility of the drug evidence on constitutional grounds. Another panel of

this Court affirmed his convictions. *Johnson v. State*, No. 49A02-1209-CR-709, 2013 WL 2146536 (Ind. Ct. App. May 16, 2013), *trans. denied*.

[4] Johnson filed a pro se petition for PCR, which he later amended. After a hearing, the post-conviction court denied the petition. This appeal ensued.

## Discussion and Decision

[5] "A PCR petitioner must establish grounds for relief by a preponderance of the evidence." *Ross v. State*, 877 N.E.2d 829, 832 (Ind. Ct. App. 2007), *trans. denied* (2008). "When a post-conviction court denies relief, the petitioner appeals from a negative judgment and must demonstrate on appeal that the evidence unerringly and unmistakably leads to a conclusion opposite that reached by the court." *Id*. "We may reverse the post-conviction court's decision only if the evidence is without conflict and leads to the conclusion opposite that reached by the court." *Id*.

[6] "Post-conviction proceedings are not intended to be a 'super-appeal'; rather, they provide a narrow remedy for collateral challenges to convictions that must be based on grounds enumerated in the post-conviction rules." *Id*. "In post-conviction proceedings, complaints that something went awry at trial are generally cognizable only when they show deprivation of the right to effective counsel or issues demonstrably unavailable at the time of trial or direct appeal." *Id*. at 833 (quoting *Sanders v. State*, 765 N.E.2d 591, 592 (Ind. 2002)). "Claims of regular or fundamental trial error are not reviewable in a post-conviction

proceeding." *Id.*[1] Although Johnson "is proceeding pro se and lacks legal training, such litigants are held to the same standard as trained counsel and are required to follow procedural rules." *Id.*

[7] The only cognizable claims raised by Johnson in his brief are ineffective assistance of counsel claims related to the following principle:

> When a defendant is charged with a drug offense that is determined by the weight of the substance involved, the State must prove that the scale used to weigh the substance was tested before and after its use. The burden of producing evidence to disprove the accuracy of the scale then shifts to the defendant.

*Wattley v. State*, 721 N.E.2d 353, 355-56 (Ind. Ct. App. 1999) (citing *Robinson v. State*, 634 N.E.2d 1367, 1374 (Ind. Ct. App. 1994)). When Johnson committed his crimes in 2011, dealing in cocaine or a narcotic drug, pure or adulterated, was a class B felony; the crime was a class A felony if the amount of the drug involved weighed three grams or more. Ind. Code § 35-48-4-1 (2011). It is the total weight of the substance and not its pure component that is to be considered.[2] *Clark v. State*, 539 N.E.2d 9, 12 (Ind. 1989). Johnson asserts that his trial counsel was ineffective in failing to question the State's lab technician

---

[1] Johnson argues, "[I]t was fundamental error that the State had the burden to prove (before any other progression in the trial court forward), experts calibrated the weighing scales before and after weighing of the drugs." Appellant's Br. at 9. This freestanding fundamental error claim is not reviewable in a post-conviction proceeding. *Ross*, 877 N.E.2d at 833. Johnson also purports to raise a "fatal variance" argument that is incomprehensible. Appellant's Br. at 8, 11.

[2] Johnson's assertion to the contrary is erroneous.

regarding the calibration of the scale that was used to weigh the drugs and that his appellate counsel was ineffective in failing to raise the calibration issue on appeal.

[8] An ineffective assistance of counsel claim

> requires the defendant to show by a preponderance of the evidence that (1) counsel's performance was below the objective standard of reasonableness based on prevailing professional norms and (2) the defendant was prejudiced by counsel's substandard performance, i.e. there is a reasonable probability that, but for counsel's errors or omissions, the outcome of the trial would have been different.

*Ross*, 877 N.E.2d at 833. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Morales v. State*, 19 N.E.3d 292, 297 (Ind. Ct. App. 2014) (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)), *trans. denied* (2015). The two parts of this test are separate and independent inquiries, and if it is easier to dispose of an ineffectiveness claim based on lack of sufficient prejudice, that course should be followed. *Id.*

[9] Contrary to Johnson's insinuation, "the State was not required to prove exact dates or that the scale was checked immediately before and after the [drugs were] weighed." *McKnight v. State*, 1 N.E.3d 193, 203 (Ind. Ct. App. 2013) (citing *Smith v. State*, 829 N.E.2d 64, 77 (Ind. Ct. App. 2005)). "Indeed, the scale's accuracy is foundational evidence, not an element of the crime." *Id.* "Although the defense may rebut the State's evidence regarding accuracy, the question of accuracy is ultimately a question for the trier of fact." *Id.* "Thus,

an objection to the accuracy of the scales would have gone to the weight of the evidence, not to its admissibility." *Id.*

[10] Simply put, Johnson has failed to establish by a preponderance of the evidence that if trial counsel had questioned the lab technician about the calibration of the scale, there is a reasonable probability that the outcome of his trial would have been different.[3] The same holds true for appellate counsel's failure to raise the calibration issue on appeal. Therefore, we affirm the denial of Johnson's PCR petition.

[11] Affirmed.

Baker, J., and Kirsch, J., concur.

---

[3] At the post-conviction hearing, Johnson's trial counsel testified,

> My trial strategy was that the weight was sufficient weight over the amount needed to obtain a conviction. And I didn't have any reason to believe that the equipment was not functioning or would have been so far off. And my recollection is that I felt it would be detrimental to the outcome of the case to have them go through all of those steps when I didn't have reason to believe that there was a malfunction with the scales.

Tr. Vol. 2 at 10. "We will not second-guess trial counsel's strategy and tactics unless they are so unreasonable that they fall outside objective standards." *Burnell v. State*, 110 N.E.3d 1167, 1170 (Ind. Ct. App. 2018). Trial counsel's strategy strikes us as eminently reasonable under the circumstances, and thus Johnson's ineffectiveness claim would fail on this basis as well.