## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 31 2020, 10:45 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David A. Felts
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Megan Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Charles D. St. Clair,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

August 31, 2020

Court of Appeals Case No.
20A-CR-662

Appeal from the Allen Superior Court

The Honorable Wendy Davis, Judge

The Honorable John C. Bohdan, Magistrate

Trial Court Cause No.
02D04-1908-CM-3697

**Altice, Judge.**

# Case Summary

Following a jury trial, Charles St. Clair was convicted of possession of marijuana as a Class B misdemeanor. On appeal, St. Clair argues that the trial court erred in admitting testimony that officers recognized him from a previous investigation and that he had an active warrant for his arrest.

We affirm.

# Facts & Procedural History

On August 11, 2019, Detective Geoff Norton of the Fort Wayne Police Department was on patrol in an unmarked police car when he observed St. Clair standing next to a disabled vehicle. Detective Norton recognized St. Clair from a prior investigation and believed St. Clair had an active warrant for his arrest. Upon verifying that the warrant was still active, Detective Norton requested assistance. After a second officer arrived, Detective Norton and the other officer approached St. Clair, ordered him to turn around and place his hands behind his back, and attempted to place him in handcuffs. The officers were able to secure St. Clair by pinning him against the vehicle. During a search incident to arrest, Detective Norton located a clear, plastic baggy that contained a green, leafy substance in St. Clair's pocket. The substance weighed less than one gram and tested positive for marijuana.

On August 12, 2019, the State charged St. Clair with resisting law enforcement as a Class A misdemeanor, as he was alleged to have "violently pulled away" from the detectives when they tried to put him in handcuffs, and possession of

marijuana as a Class B misdemeanor. *Transcript Vol. 2* at 25. On January 8, 2020, St. Clair filed a pretrial motion in limine requesting that the State refrain from eliciting comments pertaining to any prior or subsequent interactions with him, references to the officers working in the gang and violent crime unit, or any mention that there was an active warrant for his arrest. The State agreed not to elicit references to any prior or subsequent bad acts committed by St. Clair. The trial court ruled that the officers could testify that they recognized St. Clair from a prior investigation but could not provide the details of that prior investigation, including the fact that St. Clair refused to identify himself. The trial court also ruled that the officers were permitted to mention that St. Clair had an active warrant for his arrest but that they could not describe the basis for the warrant.

[5] A jury trial was held on January 9, 2020. The officers testified in accordance with the trial court's ruling on the motion in limine. At the conclusion of the evidence, the jury found St. Clair guilty of possession of marijuana and not guilty of resisting law enforcement. The trial court sentenced St. Clair to 100 days executed in the Allen County Confinement Facility with credit for time served. St. Clair now appeals. Additional facts will be provided as necessary.

## Discussion & Decision

[6] St. Clair argues that admission of evidence relating to his prior interactions with Detective Norton and the fact that there was a warrant for his arrest caused undue prejudice and prevented him from receiving a fair trial. St. Clair asserts

that "the jury was tainted as they held the belief that [he] was a criminal" independent of the evidence in this case. *Appellant's Brief* at 11.

[7] Because St. Clair is appealing after a completed trial, the issue is whether the trial court abused its discretion in admitting the challenged evidence. *Clark v. State*, 994 N.E.2d 252, 259-60 (Ind. 2013). The decision to admit or exclude evidence at trial is a matter within the discretion of the trial court and the court's decision should be afforded great deference on appeal. *Hall v. State*, 36 N.E.3d 459, 466 (Ind. 2015).

[8] We begin by noting that St. Clair failed to object to the contested statements at trial.[1] As a general rule, the failure to object at trial to the admission of evidence waives any claims of error unless fundamental error can be established. *Konopasek v. State*, 946 N.E.2d 23, 27 (Ind. 2011). Fundamental error is a "very narrow" exception to the waiver rule and consists of error that "make[s] a fair trial impossible or constitute[s] a clearly blatant violation of basic and elementary principles of due process presenting an undeniable and substantial potential for harm." *Kelly v. State*, 122 N.E.3d 803, 805 (Ind. 2019). On appeal, St. Clair does not provide the standard of review or argue that admission of the challenged evidence amounted to fundamental error. Because St. Clair failed to object to the specific statements during the officers' testimony

---

[1] On appeal, St. Clair does not even acknowledge that he did not object at trial to the challenged testimony.

and has not argued fundamental error on appeal, we find that any claim as to the admissibility of the challenged evidence has been waived.[2]

[9] Judgment affirmed.

Riley, J. and May, J., concur.

---

[2] Failure to make a cogent argument or cite legal authority as required by Indiana App. Rule 46(A)(8) waives the issue. *Burnell v. State*, 110 N.E.3d 1167, 1171 (Ind. Ct. App. 2018).